Dear Mr. Babin:
You have requested an opinion from the Attorney General's Office on behalf of the City of Scott ("the City") concerning whether the City is constitutionally prohibited from using public funds and resources to repair private alleyways in the Westwinds Subdivision ("the Subdivision"). It is the opinion of this office that using public funds to repair private alleyways is prohibited by La.Const. Art. VII § 14, absent a factual showing that the use of funds would not be gratuitous.
In your opinion request you indicated that there are six (6) private alleyways in the subdivision, each providing access to the garages of sixteen (16) subdivision residences. One of the alleyways is allegedly used by the general public as an alternate route to the subdivision swimming pool. These alleyways, however, are privately owned and used almost primarily by the local residents..
As your request specifically mentioned, the question of whether public funds may be used to maintain the alleyways must be addressed in light of the limitations of La.Const. Art. VII § 14(A), which provides, in pertinent part, that:
 except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association or corporation, public or private.
Several previous opinions by this office have found that local governments are prohibited by the Constitution from maintaining or building private roads subject to limited exceptions.[1] The seminal case interpreting La.Const. Art. VII, § 14, and explaining the applicable exceptions, is Board of Directors of the IndustrialDevelopment Board of the City of Gonzales, Louisiana, Inc. v. Alltaxpayers, property owners, citizens *Page 2 of the City of Gonzales, et. al., "the Cabela's case".[2] The Cabela's case holds that La.Const. Art. VII § 14, is violated "only when the public funds or property are gratuitously alienated."[3]
In light of the Louisiana Supreme Court's conclusion, our office has previously opined[4] that, in order for an expenditure of public funds to be permissible under La.Const. Art. VII, § 14(A), the public entity must have the legal authority to make the expenditure and must show:
 (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue;
 (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and
 (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
Whether public funds or property are gratuitously alienated ultimately depends on the facts and circumstances surrounding the proposed expenditure. From the facts provided in your opinion request, it appears clear that the Westwinds' alleyways are privately owned there are no facts establishing that public funds spent on their repair would be anything but gratuitous. It is the opinion of this Office that, in order for a proposed expenditure of public funds to be acceptable: 1) The City must have a reasonable expectation of receiving something of value in exchange for the repair of the alleyways; 2) the non-gratuitous alienation of public funds must be for a legitimate public purpose; and 3) the use of public funds to repair alleyways must create a public benefit proportionate to the value of funds and public property alienated. No facts have been presented establishing that an alienation of public funds by the City of Scott would fit these very limited exceptions.
Therefore, it is the opinion of this office that, the use of public funds to repair private alleyways would be a gratuitous donation prohibited by La.Const. Art. VII § 14.
We hope the foregoing is sufficiently responsive to your concerns. If we can be of further assistance, please do not hesitate to contact our office. *Page 3 
 Yours very truly, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ STEVEN B. "BEAUX" JONES Assistant Attorney General
[1] La. Atty. Gen. Op. Nos. 76-649; 1948-50, p. 522; 1946-48, p. 656; 1942-44, p. 1191.
[2] No. 05-2298 (La. 9/6/06) 938 So.2d 11.
[3] Id. at 20.
[4] La. Atty. Gen. Op. No. 09-0251.